IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LORI M. FUSHER                                                                                PLAINTIFF

vs.                                    Civil No. 2:18-cv-02004

NANCY A. BERRYHILL                                             DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lori M. Fusher ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability application on October 24, 2014. (Tr. 14). In her application, Plaintiff alleges being disabled due to bipolar disorder, borderline personality disorder, depression, post-traumatic stress disorder, bulging discs with annular tear, sciatica, a curved spine, arthritis, and nerve pain. (Tr. 204). Plaintiff alleges an onset date of September 14, 2009. (Tr. 14). At the administrative hearing in this matter, Plaintiff amended that alleged onset date to July 13, 2013. (Tr. 38-39). This application was denied initially and again upon reconsideration. (Tr. 89-127).

1

Plaintiff requested an administrative hearing in this matter, and this hearing was held on January 14, 2016 in Fort Smith, Arkansas. (Tr. 30-68). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Only Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.*

After this administrative hearing, the ALJ entered a fully unfavorable decision on Plaintiff's application. (Tr. 11-24). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2014. (Tr. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of September 14, 2009[1] through her date last insured of December 31, 2014. (Tr. 16, Finding 2). The ALJ determined that, through her date last insured, Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; central disc bulge at L2-L3 with annular tear; bipolar II disorder; depression; history of alcohol abuse; personality disorder with borderline and dependent traits; and obesity. (Tr. 16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can perform work where

---

[1] In his opinion, the ALJ repeatedly stated Plaintiff's alleged onset date was September 14, 2009 when Plaintiff actually amended that alleged onset date to July 13, 2013.

2

> interpersonal contact is incidental to the work performed, where the complexity of tasks is performed and learned by rote with few variables and little judgment, and where supervision required is simple, direct and concrete. The claimant can occasionally push, pull, kneel, and/or crouch. The claimant would require a sit/stand option to be exercised at one-hour intervals throughout the workday.

*Id.*

The ALJ determined Plaintiff was forty-three (43) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c), on her date last insured. (Tr. 23, Finding 7). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 23, Finding 8).

Considering her RFC, the ALJ determined that, through her date last insured, Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 23, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as the following: (1) hotel cleaner/housekeeper with approximately 1,200 such jobs in the regional economy and 137,000 such jobs in the national economy; (2) marking clerk with approximately 2,400 such jobs in the regional economy and 283,200 such jobs in the national economy; and (3) routing clerk with approximately 540 such jobs in the regional economy and 53,000 such jobs in the national economy. (Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from September 14, 2009 (her alleged onset date)

3

through December 31, 2014 (her date last insured). (Tr. 24, Finding 11).

Plaintiff then requested the Appeals Council's review of this unfavorable decision. (Tr. 5-7. On December 13, 2017, the Appeals Council denied this request for review. *Id.* Then, on January 8, 2018, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 15-16. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15. Specifically, Plaintiff raises three arguments for reversal: (1) the ALJ failed to develop the record as to her RFC; (2) the ALJ improperly discounted

5

her subject complaints of pain; and (3) the ALJ erred as it relates to his assessment of "consistency." ECF No. 15 at 5-14. Because the Court finds the ALJ erred in his RFC assessment, the Court will only address this issue.

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 15 at 5-10. Specifically, Plaintiff references the fact the ALJ relied heavily upon the findings of Dr. Arthur Johnson, M.D. (neurological consulting evaluation) while entirely disregarding the findings of Dr. Ahmad Al-Khatib, M.D. (neurological consulting evaluation) and Patricia Walz, Ph.D. (mental consulting evaluation). *Id.* Plaintiff claims this was improper. *Id.*

As Plaintiff argues, and as the Court recognizes, the problem with this determination is that *all* of these records are dated before Plaintiff's amended alleged onset date. Notably, Dr. Johnson's findings are dated from January of 2013 while Dr. Al-Khatib's and Dr. Walz's opinions are from September of 2012 (Al-Khatib) and June of 2012 (Dr. Walz). Plaintiff's amended alleged onset date was July 13, 2013. Thus, all of these records were outside the relevant time-period; and despite this fact, the ALJ chose to rely on Dr. Johnson's findings while discounting Dr. Al-Khatib's and Dr. Walz's opinions.

Indeed, the ALJ specifically stated he discounted those findings because they were outside the relevant time-period:

> As for the opinion evidence, little weight is afforded to the opinions of Dr. Al-Khatib as his examination of the claimant precedes her alleged onset date and was not, therefore, performed within the time period relevant to this decision (Exhibit B4F). Little weight has been afforded the opinions of Patricia Walz, Ph.D., for similar reasons (Exhibit B1F).

(Tr. 22). The ALJ's decision to discount Dr. Al-Khatib's and Dr. Walz's findings while adopting Dr. Johnson's findings on this basis was improper. Thus, the Court finds this case must be reversed

6

and remanded.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE